IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50211
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

INES JIMENEZ-LOPEZ,
also known as Letecia Herrera Hernandez,
also known as Leticia Herrera Hernandez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-00-CR-51-1
--------------------
October 29, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

     Ines Jimenez-Lopez appeals the 84-month term of imprisonment
imposed following her guilty plea conviction of being found in
the United States after removal in violation of 8 U.S.C. § 1326.
Jimenez-Lopez contends that 8 U.S.C. § 1326(a) and 8 U.S.C.
§ 1326(b)(2) define separate offenses.  She argues that the
aggravated felony conviction that resulted in her increased
sentence was an element of the offense under 8 U.S.C.
§ 1326(b)(2) that should have been alleged in her indictment.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Jimenez-Lopez notes that she pleaded guilty to an indictment which recited only facts and elements supporting a charge of simple reentry under 8 U.S.C. § 1326(a), and argues that her sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.  Jimenez-Lopez acknowledges that her argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).  Jimenez-Lopez's argument is foreclosed.  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.